[Nos. 14097-1-III; Division Three.   October 26, 1995.]
14513-1-III.

*In the Matter of the Marriage of* LISA M. HUMPHREYS
(OLSON), *Appellant, and* KEVIN S. HUMPHREYS,
*Respondent.*

---

[16]*Kovac*, 50 Wn. App. at 121.

*Peter D. Dahlin*, for appellant.
*Michael J. Beyer*, for respondent.

MUNSON, J. — Lisa Olson appeals the order denying her motion to have Kevin Humphreys held in contempt.

The marriage of Lisa Olson and Kevin Humphreys was dissolved in 1990. The parenting plan for their child, Erin, provided for mutual decision making, each parent making decisions for day-to-day care while the child is residing with that parent. A guardian ad litem was appointed in 1991. In May 1993, the guardian submitted a report concluding the parents' conflicting religious views created confusion and discomfort for Erin. The guardian recommended the mother be given sole decision-making authority in the area of religion. The parenting plan was modified in December, but the court declined to accord to the mother sole decision-making authority with respect to religious matters.

In March 1994, Erin attended a church-related function with her father. The evening concluded with a memorial service for a six-month fetus. The service included an opportunity to view the fetus which had been placed in a

small casket.[1] When the mother learned of this event, she moved for modification of the parenting plan to give her sole decision-making rights in the area of religion. The court's subsequent order of May 10, 1994, provided for the mother to have sole decision making in the area of religion and expressly provided "[t]he respondent shall not be allowed to take his daughter to church at any time without the petitioner's consent."

Mr. Humphreys appealed the order and moved for a stay. The Commissioner of the Court of Appeals concluded the trial court findings were insufficient to support the modification, but denied the motion and remanded to the superior court for entry of additional findings.

On September 6, 1994, the court entered additional findings relating to the harmful effect on Erin of the parental conflict on religious matters. The court also omitted the sentence expressly prohibiting the father from taking the child to church without the mother's permission. Mr. Humphreys took Erin to church on September 18, and on September 20, Ms. Olson filed a motion seeking to have him held in contempt. The Superior Court Commissioner found Mr. Humphreys was not in contempt, noting: "Had Judge Kristianson not changed his order it would have been very clear that he had violated the order. Judge Kristianson changed his order and removed that very specific provision preventing Mr. Humphreys from taking his daughter to church without permission of the mother." Ms. Olson moved for revision of the Commissioner's order. The motion was heard by Judge Donohue, who determined the order was not violated and found Mr. Humphreys had complied with the parenting plan.

Ms. Olson appealed the order finding Mr. Humphreys was not in contempt. The appeals were consolidated. In May 1995, Mr. Humphreys moved for voluntary dismissal of his appeal. As a result, the only issue before this court is the propriety of the ruling on the motion for contempt.

---

[1]The fetus is kept in formaldehyde and taken to various churches and conferences for display in the casket.

■■ Contempt of court is defined in part as intentional disobedience of a lawful court order. RCW 7.21.010(1)(b). " 'Punishment for contempt of court is within the sound discretion of the judge so ruling. Unless there is an abuse of a trial court's exercise of discretion, it will not be disturbed on appeal.' " *Schuster v. Schuster*, 90 Wn.2d 626, 630, 585 P.2d 130 (1978) (quoting *State v. Caffrey*, 70 Wn.2d 120, 122-23, 422 P.2d 307 (1966)). In the context of a dissolution order, there must be evidence the parent's failure to comply with an order was in bad faith. RCW 26.09.160(2)(b). In determining whether the facts support a finding of contempt, the court must strictly construe the order alleged to have been violated, and the facts must constitute a plain violation of the order. *Johnston v. Beneficial Management Corp.*, 96 Wn.2d 708, 713-14, 638 P.2d 1201 (1982).

Because the express directive requiring the mother's consent before the father could take Erin to church was removed from the amended order of September 6, 1994, Judge Donohue could reasonably conclude the order was ambiguous and the father's actions did not constitute contempt. Thus, there was no abuse of discretion.

It may be appropriate for the trial court to provide the parties with a clearer description of the actions which amount to the exercise of decision-making power in the area of religion. If the matter arises again, it should be before the judge who entered the order. It should be made clearer in order to avoid future litigation between these parents.

Both parties have requested an award of attorney fees. If Mr. Humphreys were held to be in contempt, Ms. Olson would be entitled to attorney fees under RCW 26.09.160(2)(b)(ii). If the contempt motion were brought without reasonable basis, the moving party would be required to pay the costs and attorney fees of the nonmoving party. RCW 26.09.160(7). Mr. Humphreys has not been held in contempt, and there has been no finding the contempt motion was without a reasonable basis. Neither party is entitled to an award of attorney fees.

Affirmed.

THOMPSON, C.J., and SCHULTHEIS, J., concur.