

**FILED**
**SEPTEMBER 20, 2018**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Marriage of | ) | |
| | ) | No. 35557-8-III |
| MELANIE DEE LOTT, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| JEREMY RENE LOTT, | ) | |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Jeremy Lott appeals from orders entered following the trial court's hearing on his motion to relocate. We affirm the trial court, but remand for clarification of the attorney fee award.

## FACTS

Six months after the decree finalizing the dissolution of the marriage between Mr. Lott and respondent Melanie Lott, which gave both parties equal responsibility for parenting the couple's five children, he filed a motion to relocate to Utah. The motion attempted to invoke the statutory presumption of relocation granted the parent with primary parenting responsibility.

Mr. Lott represented himself in the trial court.[1]  After filing the motion, he refused

to accept service of his ex-wife's response to the motion until after her deadline for

answering had passed.  He then attempted to have an order granting relocation entered ex

parte on the grounds that she had not timely served him.  The trial court declined to hear

the matter ex parte.

The case subsequently proceeded to hearing on the relocation motion and a request

by Mr. Lott to have respondent found in contempt of court on several different theories.

The court denied the motion to relocate and found that Ms. Lott was not in contempt.

The trial court also found that Mr. Lott should pay for Ms. Lott's attorney fees related to

the relocation issue, although not the contempt issue, stating:

> —it's the time for you to listen.  As for your motion for relocation Ms.
> Lacoste is correct the act doesn't apply.  Your suggestion that the solution
> to the problem is that the other party just needs to move to a new
> community is kind of stunning.  And reflects and I don't use this word
> often an arrogance about the degree to which you believe that you get to
> control the world.  It's dismissed <u>I'm inclined to believe that you avoided
> service and for that reason with respect to defending the motion for
> relocation I will grant attorney's fees</u>.  With respect to your motion for show
> cause that is denied I will not grant attorney's fees there.
> So attorney's fees as to the period of time necessary to prepare and
> <u>defend against the motion for relocation</u>.  You do not serve yourself well in
> the manner in which you've argued these motions you should consider
> those things going forward.

Clerk's Papers (CP) at 130 (emphasis added).

---

[1] He also continues to represent himself in this appeal.

Separate written orders were entered denying both the motion for contempt and the motion to relocate. Mr. Lott filed separate notices of appeal from each order; this court treated the two notices as part of a single appeal. A panel considered the case without hearing oral argument.

## ANALYSIS

We address three issues that we deem present in this appeal. First, we will consider Mr. Lott's argument that the trial court erred in failing to find Ms. Lott in contempt. Next, we turn to the contention that the trial judge was biased against Mr. Lott as reflected in the ruling on relocation. Finally, we turn to the attorney fee award for defending the relocation motion.

*Contempt Ruling*

Mr. Lott argues that the trial court erred in failing to find Ms. Lott in contempt.[2] This court is not permitted to find facts and cannot overturn the trial court's conclusion that Mr. Lott failed to prove his case.[3]

---

[2] We decline to consider another unproved contempt claim—that Ms. Lott avoided service. This issue was not presented to the trial court and is not properly before us. RAP 2.5(a).

[3] Mr. Lott's brief includes attachments that were never presented to the trial court and were not part of the trial court's decision-making process. They are not properly in the record of this appeal. RAP 9.1(c); RAP 10.3(a)(8). Accordingly, we will disregard the new evidence. A trial court can never err by failing to consider information that was not presented to it.

Numerous well-established standards guide review of this claim. Contempt of court is the intentional disobedience of a lawful court order. *In re Humphreys*, 79 Wn. App. 596, 599, 903 P.2d 1012 (1995) (citing RCW 7.21.010(1)(b)). In the context of dissolution and parental support, contempt is governed by RCW 26.09.160. The party moving for contempt has the burden of proving contempt by a preponderance of the evidence, by providing evidence that the offending party "acted in bad faith or engaged in intentional misconduct or that prior sanctions have not secured compliance with the plan." *In re James*, 79 Wn. App. 436, 442, 903 P.2d 470 (1995). A contempt ruling must be supported by a finding that a violation of an existing court order was intentional. *Holiday v. City of Moses Lake*, 157 Wn. App. 347, 355, 236 P.3d 981 (2010).

This court reviews a trial court's decision in a contempt proceeding for an abuse of discretion. *James*, 79 Wn. App. at 439-440. This court does not weigh conflicting evidence or substitute our judgment for that of the trial court. *In re Rich*, 80 Wn. App. 252, 259, 907 P.2d 1234 (1996). A trial court's challenged factual findings regarding contempt will be upheld on appeal if they are supported by substantial evidence. *In re Marriage of Rideout*, 150 Wn.2d 337, 350, 77 P.3d 1174 (2003). However, because it is the role of the trial court, not the appellate court, to find facts, a reviewing court lacks the ability to find persuasive evidence that the trier of fact failed to find persuasive. *Quinn v. Cherry Lane Auto Plaza, Inc.*, 153 Wn. App. 710, 717, 225 P.3d 266 (2009).

4

Mr. Lott's appeal of the contempt ruling largely runs afoul of this last principle. This court is capable of determining whether or not the evidence supports a court's finding of fact. *Id.* It is not capable of countermanding a determination that something did not happen because that would make this court, not the trial court, the determiner of what did occur. *Id.* Who and what to believe is solely an issue for the trial court.

In addition, whether or not someone acted with the requisite intent also is a factual question. *Id.* Thus, even if Ms. Lott did the complained of acts, that fact alone is insufficient to prove contempt. The contemptuous actions must have been intentionally undertaken.[4]

This court is not a finder of fact and does not weigh Mr. Lott's evidence to determine if the trial judge should have believed it. Accordingly, the factual determination that the allegations were unproved is not subject to the manner of appellate review Mr. Lott seeks. An unproved assertion of fact simply cannot be proved on appeal.[5]

---

[4] For this reason, the complaint that property was not returned to him and, in the instance of a bowl, was returned broken, was not proved to be contemptuous. Mr. Lott presented no evidence that Ms. Lott intentionally broke the bowl or intentionally withheld property.

[5] Even if it were in the province of this court to consider evidence, we would necessarily have to reach the same result as the trial judge. One of Mr. Lott's complaints was that respondent had not timely paid her share of expenses. However, Mr. Lott did not enter them into the on-line service that the parties had agreed to use to account for shared expenses. Ms. Lott could not have erred when Mr. Lott failed to live up to his accounting obligation. In another instance, Mr. Lott complained that his wife had unilaterally taken a son to an herbalist without his consent. However, that event occurred *before* the parenting plan was entered and for that reason, among others, could not constitute a violation of any court order.

The contempt argument is without merit.

*Relocation Ruling*

Mr. Lott argues that the relocation ruling is erroneous because it resulted from the bias of the judge against him and because opposing counsel made false statements in court. These allegations are baseless and little need be said about them.

We review a claim of judicial bias under the presumption that a trial judge performs his or her functions without bias or prejudice. *State v. Hecht*, 2 Wn. App. 2d 359, 369, 409 P.3d 1146 (2018). Casual and unspecific allegations of bias provide no basis for appellate review, even when asserted by a pro se litigant. *State v. Cameron*, 47 Wn. App. 878, 884, 737 P.2d 688 (1987).

The judicial bias complaint centers on the trial judge's comments concerning Mr. Lott's improper attempts to enter an ex parte order authorizing the relocation of the children to Utah. Ex parte orders typically are entered by the written agreement of the parties. Even when one party believes he has a winning legal argument, as Mr. Lott apparently did here, it is the judge who makes that determination after hearing argument from both parties. When, as here, a party has appeared in an action, the party is entitled to notice before entry of any order. CR 5(a), 55(a)(3).

Here, Mr. Lott attempted to obtain a judge's signature without the agreement of the opposing party and, indeed, over the objection of the respondent to his plan. The trial judge understandably was not happy with that action and cannot be faulted for

considering that to be additional evidence of Mr. Lott's bad faith handling of this matter. Mr. Lott may have had an innocent explanation for misusing the ex parte process, but the trial judge was under no obligation to believe it. Rejection of Mr. Lott's position is not evidence of judicial bias.

Similarly, opposing counsel was under no obligation to see the evidence in the same manner as Mr. Lott did. He complains, for example, that she falsely accused him of threatening to move the children. However, that is a reasonable inference from the evidence that one of the children had reported that their father told them to pack and to be ready to move in short order. It may well be that Mr. Lott expected there would be no opposition to his plan and it would rapidly fall into place. Again, however, it is an equally plausible inference that he was prepared to move the children first and seek judicial approval after the fact. Ms. Lott's counsel was not required to see the evidence in favor of Mr. Lott rather than her own client. Just because Mr. Lott disagrees with that view of the evidence does not make the attorney's statement false.

These claims are without merit.

*Attorney Fees*

The final issue is a contention that the trial court erred by imposing attorney fees against Mr. Lott on the relocation issue. We remand that issue for clarification from the trial court.

RCW 26.09.140 allows for the award of fees or costs to parties in dissolution proceedings. The award is discretionary and available at both the trial court and on appeal. RCW 26.09.140. The award must be based on a consideration of the needs of the spouse seeking the fees and the ability of the other spouse to pay. *In re Terry*, 79 Wn. App. 866, 871, 905 P.2d 935 (1995). The court may also base a fee award on a party's intransigence. *MacKenzie v. Barthol*, 142 Wn. App. 235, 242, 173 P.3d 980 (2007); *Eide v. Eide*, 1 Wn. App. 440, 445, 462 P.2d 562 (1969). "When intransigence is established, the financial resources of the spouse seeking the award are irrelevant." *In re Marriage of Morrow*, 53 Wn. App. 579, 590, 770 P.2d 197 (1989). Awards of attorney fees based on the intransigence of one party have been granted when the party engaged in "foot-dragging" and as an "obstructionist," as in *Eide*, 1 Wn. App. at 445; when a party filed repeated unnecessary motions, as in *Chapman v. Perera*, 41 Wn. App. 444, 455-456, 704 P.2d 1224 (1985); or simply when one party made the trial unduly difficult and increased legal costs by his or her actions, as in *Morrow*, 53 Wn. App. at 591. This court reviews decisions to award fees or not for abuse of discretion. *In re Marriage of Zeigler*, 69 Wn. App. 602, 609, 849 P.2d 695 (1993).

This case does not involve a request by Ms. Lott for attorney fees under RCW 26.09.140. Accordingly, given the nature of the court's ruling and the absence of a statutory request, we assume the trial court acted on the basis of Mr. Lott's intransigence.[6]

Attorney fees imposed for intransigence are an equitable remedy. *In re Marriage of Greenlee*, 65 Wn. App. 703, 708, 829 P.2d 1120 (1992). Except when the intransigence permeates the entire proceedings, the trial court must segregate those fees caused by the intransigence from those incurred for other reasons. *In re Marriage of Burrill*, 113 Wn. App. 863, 873, 56 P.3d 993 (2002). Normally, an unsupported fee award "will be remanded for the entry of proper findings of fact and conclusions of law that explain the basis for the award." *Berryman v. Metcalf*, 177 Wn. App. 644, 659, 312 P.3d 745 (2013).

There are no written findings of fact concerning the attorney fee award, leaving only the oral remarks for our consideration. Those, unfortunately, are ambiguous concerning the basis for the fee award. The court found that Mr. Lott avoided service and "for that reason," the court awarded fees to Ms. Lott for "defending the motion for

---

[6] In light of the decision not to award fees on the contempt portion of the case, it does not appear that the trial court treated the action as frivolous. The court has discretion under RCW 4.84.185 both to impose sanctions for frivolous litigation and to determine the amount of reasonable attorney fees. *E.g.*, *Fluke Capital & Mgmt. Servs. Co. v. Richmond*, 106 Wn.2d 614, 625, 724 P.2d 356 (1986).

relocation." CP at 130. If service avoidance[7] was the sole basis for finding intransigence, then it would appear that only fees relating to the service issue, rather than the entire relocation motion, would have been in order. However, the court's expressed concerns about the attempts to enter the order of relocation ex parte and the inapplicability of the relocation presumption statute suggest that the intransigence "permeated" the entire issue and was the basis for awarding fees for the defense of that motion.

Uncertain about the scope of the trial court's equitable remedy, we remand for entry of an order clarifying the award. The clarification order, which need not be elaborate, should identify why the award was made (the factual basis for the ruling), whether the fees apply to the entire relocation hearing or simply those costs relating to the avoidance issue, and that the fee awarded was reasonably related to the scope of that remedy. The court has complete discretion on remand whether to hold a hearing or accept any input from the parties. Any party aggrieved by the order may appeal the ruling.

Ms. Lott also seeks attorney fees for responding to this appeal. Since we afford Mr. Lott some potential relief, we deny that request. However, we deem Ms. Lott the substantially prevailing party on appeal and she is entitled to her costs, including statutory attorney fees, upon timely filing of a cost bill. RAP 14.3, 14.4.

---

[7] Although Mr. Lott does not agree with the finding that he avoided service, the record supports the trial court, which was free to credit the process server's statements.

No. 35557-8-III
*In re Marriage of Lott*

Affirmed and remanded.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Pennell, J.

11