IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| In the Matter of Parenting and Support of M.E. and A.E., | ) ) ) | No. 79689-5-I |
| MEELA PRIBIC, | ) ) | |
| Respondent, | ) ) ) | |
| v. | ) ) | |
| MICHAEL ERICKSON, | ) ) | UNPUBLISHED OPINION |
| Appellant. | ) ) ) | FILED: March 2, 2020 |

VERELLEN, J. — Michael Erickson challenges the trial court's denial of his motion for contempt against Meela Pribic. Erickson argued Pribic violated the parenting plan. The purpose of the provision at issue was to incentivize Pribic to ensure the children's attendance at sporting events. Pribic presented evidence that the boys were absent only due to illness or a conflict with other parenting plan provisions. She also presented evidence that she made efforts to otherwise ensure the boys' attendance. Because the provision at issue is silent as to what happens in the event of illness and conflicts with other parenting plan provisions that do not support any relief, we conclude these facts do not constitute a plain violation of the parenting plan. The trial court did not abuse its discretion when it denied Erickson's motion.

Therefore, we affirm.

## FACTS

Erickson and Pribic are the parents of two boys, a ten-year-old and an eight-year-old. Erickson and Pribic never married. In 2016, Pribic filed a petition to establish a parenting plan. In March of 2018, before trial, the parents engaged in mediation and entered an agreed parenting plan. In January of 2019, Erikson brought a motion for contempt against Pribic. The court denied the motion, determined Erickson brought the motion in bad faith, and awarded Pribic attorney's fees. Erickson moved for reconsideration. The court denied his motion.

Erickson appeals.

## ANALYSIS

### I. Contempt

Erickson contends the trial court abused its discretion when denied his contempt motion.

We review a trial court's decision on contempt for abuse of discretion.[1] "'Failure to comply with a provision in a parenting plan or a child support order may result in a finding of contempt of court, under RCW 26.09.160.'"[2] RCW 26.09.160(2)(a) provides,

> A motion may be filed to initiate a contempt action to coerce a parent
> to comply with an order establishing residential provisions for a child.
> If the court finds there is reasonable cause to believe the parent has

___

[1] In re Marriage of James, 79 Wn. App. 436, 439-40, 903 P.2d 470 (1995).
[2] Id. at 443 (quoting RCW 26.09.184(6)).

not complied with the order, the court may issue an order to show cause why the relief requested should not be granted.

"If a trial court finds after a hearing that a parent has 'not complied with the order establishing residential provisions' of a parenting plan in 'bad faith,' the court 'shall find' the parent in contempt of court."[3] When determining whether the facts support the trial court's contempt decision, we must "strictly construe the order alleged to have been violated, and the facts must constitute a plain violation of the order."[4]

Here, Erickson alleged Pribic violated section (5)(a)(iii) of the parenting plan. Section (5)(a)(iii) of the parenting plan provides, "It is expected that the children do not miss sports/activities when they are with the mother, if the children have to miss an event then the mother shall reimburse the father $50.00 for each event (game/practice/recital/etc.) that are missed."[5] In his declaration, Erickson argued:

> When negotiating the final parenting plan, it was a high priority for the kids to play their sports and it was a high priority for them and me to make sure they did not miss these events. The solution we agreed to was that Meela would pay $50 each time they missed an event when they are with her. In return, I agreed to cover 100% of sports fees and medical fees, along with other concessions in the parenting plan. In 2018, the boys missed 13 games and practices when with Meela. I have asked her to reimburse me $650 but she

---

[3] In re Marriage of Rideout, 150 Wn.2d 337, 349, 77 P.3d 1174 (2003) (quoting RCW 26.09.160(2)(b)).

[4] In re Marriage of Humphreys, 79 Wn. App. 596, 599, 903 P.2d 1012 (1995).

[5] Clerk's Papers (CP) at 8.

has refused. She claims the responsibility to reimburse me for missed events is not even in the parenting plan.[6]

In her response, Pribic explained the reasons the boys missed each of the thirteen events. Twelve out of thirteen of the absences were due to illness.[7] One of the absences occurred on Mother's Day.[8] Erickson does not challenge these factual assertions. Rather, Erickson argues section 5 requires Pribic to pay regardless of the reason for the boys' absences.

The trial court held a hearing on Erickson's motion on February 7, 2019. Erickson's attorney indicated the purpose of section 5 was to "ensure that the children participate in these events" and "not be withheld if the mother just doesn't want to take them."[9] The court inquired whether Erickson had evidence that the mother was withholding the children for no reason. Erickson's attorney elaborated: "We're here on a principle to make sure . . .there is some financial responsibility that the mother needs to be aware of."[10]

Pribic's attorney argued the motion was unreasonable.[11] Pribic's attorney contended there was no evidence that Pribic did not take the kids to the events for

---

[6] CP at 3.

[7] CP at 31-36.

[8] CP at 37 ("In the Parenting Plan, I have Mother's Day as a special occasion. . . . I believe the provisions that I have Mother's Day has priority over the provision that would require me to take the children to sports event.").

[9] Report of Proceedings (RP) (Feb. 7, 2019) at 8.

[10] Id. at 10.

[11] Id. at 19 ("Bringing a contempt motion when you concede that the child was sick for every event except for one on Mother's Day and—for $650 when you

4

"whatever reason," her attorney argued the motion was punitive.[12] "And so, under the circumstances of this case, . . . there is no contempt, there is no bad faith."[13]

At the conclusion of the hearing, the court denied the motion. The court determined section 5 was ambiguous because it "is silent about what happens in the event that a child is ill."[14]

> I can't find that this is unambiguous to the point where I can make a finding that Ms. Pribic willfully violated the court order in either not taking the kids or in not paying a monetary penalty for failing to take the kids when they're ill. I also can't make a finding that she willfully violated the court order in interpreting the parenting plan in such a way that Mother's Day had priority over the sporting events that were scheduled on that day.
>
> . . . .
>
> . . . . [O]ne of the things that's influencing me is the evidence that's before me is that Ms. Pribic has made a lot of efforts to make sure that the boys get to their practices and get to their games and their tournaments. . . . I don't really have any evidence before me that Ms. Pribic is not taking all reasonable steps to honor the parenting plan.[15]

The purpose of the rule of strict construction "is to protect persons from contempt proceedings based on violation of judicial decrees that are unclear or ambiguous, or that fail to explain precisely what must be done."[16] Under strict

---

earn $22,000 per month and the other side doesn't earn anything because they're in school, there's a significant concern with respect to that.").

[12] Id. at 20-21.

[13] Id. at 21.

[14] Id. at 27.

[15] Id. at 28-29.

[16] Graves v. Duerden, 51 Wn. App. 642, 647-48, 754 P.2d 1027 (1988).

construction, section (5)(a)(iii) is ambiguous as to whether Pribic is required to pay for missed events due to sickness or an apparent conflict with other parenting plan provisions (for example, Mother's Day). Erickson asserts the purpose of section 5 "was to ensure that Ms. Pribic had some financial responsibility . . . as well as to incentivize Ms. Pribic to ensure the children's attendance at their events."[17] In light of this purpose, the ambiguity in section 5, and evidence of Pribic's effort to ensure the boys' attendance, the facts do not constitute a plain violation of the parenting plan.

We conclude the trial court did not abuse its discretion when it denied Erickson's contempt motion.

## II. Bad Faith

Erickson argues the court abused its discretion when it entered a bad faith finding and awarded Pribic her reasonable attorney's fees.

We review a trial court's award of attorney fees for abuse of discretion.[18] When a party moves for contempt under RCW 26.09.160, the court may award attorney fees to the nonmoving party "if the court finds the motion was brought without reasonable basis."[19]

After the court denied Erickson's motion for contempt, the court determined the motion was brought in bad faith and awarded Pribic her reasonable attorney's

---

[17] Appellant's Br. at 22.
[18] Scott Fetzer Co. v. Weeks, 122 Wn.2d 141, 147, 859 P.2d 1210 (1993).
[19] RCW 26.09.160(7).

fees. "And this motion, it's a punitive motion. . . . I am quite convinced it wasn't designed for Mr. Erickson to get $650; it was designed to teach Ms. Pribic a lesson."[20]

We agree it was within the discretion of the trial court to find Erickson brought the motion in bad faith. Erickson did not have a reasonable basis for bringing the contempt motion. Notably, Erickson took the position in the trial court that the purpose of the provision was to ensure participation "not be withheld if the mother just doesn't want to take them."[21] This concern is different from Pribic not taking the boys to practices or games because they are ill. And there is evidence that Pribic was working diligently to ensure the boys attended sporting events. The purpose of section 5 was not served by Erickson's contempt motion, given that the absences were mainly due to illness and not Pribic's intentional violation of the parenting plan.

We conclude the trial court did not abuse its discretion it awarding fees to Pribic.

## III. Fees on Appeal

Erickson requests fees on appeal under RCW 26.09.140 and RAP 18.1. Erickson is not the prevailing party, and he failed to devote an adequate section of his opening brief to this issue. We deny his request for fees.

---

[20] RP (Feb. 7, 2019) at 28.

[21] Id. at 8.

7

Pribic also requests fees on appeal under RCW 26.09.140 and RAP 18.1. RCW 26.09.140 provides for attorney fees on appeal. In considering whether to award fees under RCW 26.09.140, we consider the "arguable merit of the issues on appeal and the parties' financial resources."[22] Pribic's financial declaration establishes the dramatic disparity in the parties' financial resources. Erickson has the ability to pay and Pribic has need. We grant Pribic's request in an amount to be determined by a commissioner of this court upon Pribic's compliance with RAP 18.1.

Therefore, we affirm.

WE CONCUR:

---

[22] In re Marriage of Raskob, 183 Wn. App. 503, 520, 334 P.3d 30 (2014).