IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| TREVOR JAY TAYLOR, | No. 82863-1-I |
| Appellant, | DIVISION ONE |
| v. | |
| NINA TAYLOR, | UNPUBLISHED OPINION |
| Respondent. | |

SMITH, A.C.J. — Trevor Taylor and Nina Taylor entered into an agreed dissolution decree that ordered Trevor[1] to pay $1,400 of monthly spousal support until he had provided a total of $50,000. He stopped making payments before reaching the agreed amount. Nina filed a contempt motion seeking to enforce the decree. Trever argued that a $10,000 transfer made months before the decree was entered and not referenced in the decree had been intended as part of his support obligations. The court did not find Trevor in contempt, but did order continued payments in accord with the clear terms of the decree, declining to find that the $10,000 transfer was spousal support. Trevor appeals, asserting that a contempt proceeding was procedurally inappropriate.

We affirm.

---

[1] For the sake of clarity we will refer to the parties by their first names because they share a last name.

Citations and pin cites are based on the Westlaw online version of the cited material.

FACTS

Trevor Taylor filed a petition for dissolution of his marriage to Nina Taylor on August 8, 2018. Nina Taylor joined the petition. The petition included an agreed division of real property and personal property. It also contained a spousal support provision: "The Petitioner has the ability to pay and should pay support. . . . Petitioner shall pay Respondent $50,000.00 over three years (approximately $1,400 per month)." The parties included a proposed parenting plan and child support worksheet with their petition.

Before filing the petition, Trevor had written a check to Nina for $10,000 drawn from their joint checking account. She deposited it in her personal account on August 4, 2018. The parties removed Nina from the joint checking account on August 31, 2018. Nina asserts that the pre-removal transfer was an agreed upon division of funds held in the joint bank account. Trevor contends that he had understood it to be a pre-payment towards the spousal support obligations they had been contemplating.

Final orders in the dissolution were entered on November 21, 2018. The Dissolution Decree adopted the petition's proposed distribution of property. It likewise ordered Trevor to pay monthly spousal support at the amount of $1,400, beginning on September 15 and recurring on the 15th of each month "until [the] sum of $50,000.00 is paid." The transfer from the joint account to Nina is not mentioned in the Decree or any of the other contemporaneously filed orders.

Though the Decree was entered in November 2018, Trevor had started payments two months before on September 15, 2018.

Trevor made support payments as ordered until January 15, 2021, by which point he had paid a total of $40,600 in spousal support. On April 16, 2021, Nina moved to enforce the decree and for contempt. She requested that the court approve a judgment equaling the past due spousal support and issue other reasonable orders. The court ordered Trevor to respond to the motion for contempt.

Trevor moved to dismiss. He took the position that Nina's contempt motion was an inappropriate vehicle for the relief requested and had been filed in front of the wrong judicial officer. He argued: (1) admitting the existence of the $10,000 payment, no genuine issue of fact existed; (2) resolution where there was no factual dispute "require[d] a motion for summary judgment—not one for contempt or enforcement"; and (3) because the judicial officer was a commissioner, precluded from hearing summary judgments, the motion was improperly brought. He requested that the commissioner dismiss the action so that it could be brought on a judge's civil calendar.

Replying to Trevor's arguments, Nina contended that a dispute of facts was present because the parties disagreed about the intent behind the $10,000 payment, making summary judgment inappropriate. She pointed to the lack of any indication in the written or oral record during the dissolution proceedings that

3

either party had viewed the $10,000 payment as an advance on spousal support obligations.

The commissioner denied Trevor's motion to dismiss and ordered him to pay the missed spousal support payments, by then amounting to $5,600. In her oral ruling, the commissioner noted that "the plain language of the order" required those payments. She declined to "make any further orders with regard to future payments," saying "[t]he decree speaks for itself." Regarding the August $10,000 payment, she concluded that its absence from the final decree indicated that it was not meant to go towards spousal support, particularly because the decree directed that payments would begin in September 2018. Her written order found that Trevor's failure to pay had not been willful because he had in good faith believed that the $10,000 payment went towards his spousal support obligations. The commissioner therefore declined to find him in contempt. She did, however, award $2,000 in attorney fees to Nina.

Both parties filed motions for revision. After the revision hearing, the judge entered a Revised Contempt Hearing Order, changing the date of payment to account for a scrivener's error but otherwise leaving the commissioner's ruling unchanged.

Trevor appeals.

ANALYSIS

Standard of Review

The interpretation of a dissolution decree is a question of law reviewed de novo. Stokes v. Polley, 145 Wn.2d 341, 346, 37 P.3d 1211 (2001). Questions of

statutory interpretation are likewise reviewed de novo. State v. Ervin, 169 Wn.2d 815, 820, 239 P.3d 354 (2010). We apply a two-part standard when reviewing an award or denial of attorneys' fees: "(1) we review de novo whether there is a legal basis for awarding attorney fees by statute . . . , and (2) we review a discretionary decision to award or deny attorney fees and the reasonableness of any attorney fee award for an abuse of discretion." Gander v. Yeager, 167 Wn. App. 638, 647, 282 P.3d 1100 (2012). The trial court abuses its discretion where its decision is "manifestly unreasonable or based on untenable grounds or untenable reasons." In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997). When an appeal comes to us through a judge's revision of a commissioner's order, we review the superior court's decision. Williams v. Williams, 156 Wn. App. 22, 27, 232 P.3d 573 (2010). Denial of a revision constitutes adoption of the commissioner's decision, including the commissioner's written and oral findings and conclusions. Williams, 156 Wn. App. at 27-28. Here, we review the question of whether a contempt motion was the proper vehicle for resolution of the underlying issues in this case de novo and the question of the trial court's award of attorney fees for an abuse of discretion.

Commissioner's Authority to Decide Spousal Support Issue

Trevor first assigns error to the superior court's denial of his revision motion, contending that the commissioner lacked the authority to make a ruling and that contempt was an improper vehicle for resolution of the underlying issues. Finding no error, we affirm.

5

The courts have the inherent power to interpret and enforce their own orders. Bero v. Name Intelligence, Inc., 195 Wn. App. 170, 179, 381 P.3d 71 (2016) (citing Allen v. Am. Land Research, 95 Wn.2d 841, 852, 631 P.2d 930 (1981)). When sitting as a family court, including determining the "distribution of property or obligations," RCW 26.12.010, the courts have authority " 'to use any suitable process or mode of proceeding' to settle disputes . . . provided no specific procedure is set forth by statute." In re Marriage of Langham and Kolde, 153 Wn.2d 553, 560, 106 P.3d 212 (2005) (quoting RCW 2.28.150). Commissioners possess a statutory authority to "punish for contempts in the refusal to obey or the neglect of the court commissioner's lawful orders made in any matter before the court commissioner as fully as the judge of the superior court." RCW 2.24.040(10).

If an obligor is out of compliance with a support or maintenance order, a contempt action may be initiated to enforce it and the court "may" use a contempt order to that end. RCW 26.18.050(1), (5). But a court is not limited to contempt, the "[t]erms of the contract set forth . . . in the [dissolution] decree *may be enforced by all remedies available for the enforcement of a judgment*, including contempt." RCW 26.09.070(6) (emphasis added). Commissioners routinely hear and decide matters relating to the enforcement of dissolution decrees. See, e.g., Langham, 153 Wn.2d at 556-58 (commissioner enforced divorce decree); In re Marriage of Curtis, 106 Wn. App. 191, 194-95, 23 P.3d 13 (2001) (commissioner ruling on contempt of dissolution decree); Tupper v. Tupper, 15 Wn. App. 2d 796,

800, 478 P.2d 1132 (commissioner enforcing dissolution decree, revision denied for other reasons).

Here, the commissioner and the revising judge were within their authority to enforce the divorce decree in the manner they did. They exercised the inherent authority of the court to enforce its own order and were not obligated to do so strictly through a contempt proceedings or some other means. The relevant statutory provisions do not prohibit such an exercise of the court's powers.

Trevor disagrees. He contends that this issue should not have been considered by way of a contempt motion or through the court's inherent enforcement authority, but should have been adjudicated through summary judgment. Trevor asserts that the language of the decree was ambiguous and thus not clear enough to be enforced, and that summary judgment was required to resolve its interpretation prior to any enforcement action. He further argues that the commissioner did not have the authority to hear a summary judgment motion under the Snohomish County local rules.

In support, Trevor cites In re Marriage of Humphreys, 79 Wn. App. 596, 903 P.2d 1012 (1995). There, the first parenting plan issued by the court had contained a provision prohibiting the father from bringing the child to church without the mother's approval. Id. at 598. An appellate court struck this provision for being inadequately supported by findings of fact. Id. On remand, the trial court removed the provision while adding findings. Id. The father took

the child to church and the mother moved for contempt.  Id.  The trial and appellate court both concluded that contempt was inappropriate because a finding of bad faith—required for contempt—could not be made in light of the "ambiguous" nature of the revised parenting plan, which no longer prohibited the father from bringing the child to his church.  Id. at 598-59.

Humphreys is inapposite.  First, the terms of the decree in this case were not ambiguous; it clearly stated when spousal support would begin and under what terms it would end.  Those terms never referenced the $10,000 payment, even though the parties would have had ample time after the August transfer of funds and before the entry of the decree in November to include a reference to it.  But the exclusion of reference to past transfers between the parties does not render the decree ambiguous, it simply means those transfers do not bear upon its clear terms.  Second, Humphreys, at most, stands for the proposition that the decree, if ambiguous, could not support a finding that Trevor was acting in bad faith.  No such finding was made; the commissioner declined to hold him in contempt and the trial court affirmed that decision.

The court acted within its powers when interpreting the decree.  Contempt was an appropriate vehicle by which to consider this issue.  We therefore affirm.

### Attorney Fees

Trevor assigns error to the trial court's award of attorney fees.  He does not provide citation to authority or argue this issue in either his opening brief or his reply brief.  We are not required to consider assignments of error

unsupported by argument or authority and decline to do so here. <u>Talps v Arreola</u>, 83 Wn.2d 655, 657, 521 P.2d 206 (1974).

Both sides request attorney fees on appeal. RAP 18.1(b) provides us the authority to award reasonable attorney fees where applicable law permits. RCW 26.18.160 provides for costs, including attorney fees, to the prevailing party in an action to enforce a support order. As the prevailing party, we award fees to Nina.

We affirm.

Smith, A.C.J.

WE CONCUR: