

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of: | ) | No. 37716-4-III |
| | ) | |
| JASON LOOS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | UNPUBLISHED OPINION |
| and | ) | |
| | ) | |
| LAURA LOOS, | ) | |
| | ) | |
| Respondent. | ) | |

PENNELL, J. — Jason Loos appeals an order denying his motion to hold his former wife, Laura Loos, in contempt for violating the terms of their divorce settlement and subsequent arbitration. He also appeals a subsequent order denying his motion for reconsideration. We affirm.

## FACTS

In August 2018, Jason and Laura Loos resolved the outstanding issues in their dissolution proceedings and executed a CR 2A settlement agreement, which included the following provision:

7. The property below is given to [Ms. Loos] as their separate property:

. . . .

c. [Ms. Loos is] awarded vehicles (BMW which is in excellent condition) in their possession (including loan thereon to be refinanced removing [Mr. Loos] by 12/31/2018 or the vehicle shall be turned back over to Husband to be sold immediately in a reasonable manner and the net sales proceeds, if any, awarded to Wife—including any deficiency).

Clerk's Papers (CP) at 2.

Ms. Loos was unable to refinance the BMW. The parties then found they disagreed as to the next steps contemplated by their agreement. They took their dispute to arbitration. The arbitrator found the provision governing the BMW ambiguous, but ruled the vehicle must be shipped from Ms. Loos's location to Mr. Loos's location, and the parties would share the cost of transport equally. The arbitrator also determined that Ms. Loos must "deliver the vehicle along with any titles, keys, and other related accessories within 10 days of receipt of this award." *Id*. at 111. The arbitrator further found neither party acted in bad faith as the provision at issue was ambiguous. He ordered each party to pay their own attorney fees and costs, including the cost of arbitration.

Empowered by a provision of the CR 2A agreement to order equitable relief, the arbitrator found that Ms. Loos was unjustly enriched by her continued use of the BMW without paying for the loan and insurance. Therefore, the arbitrator found that to the extent payments for insurance and loan payments for the BMW were made by Mr. Loos

for January 2019 and later, Ms. Loos should reimburse Mr. Loos for those costs. The arbitrator determined Ms. Loss was to make payments to Mr. Loos from the BMW's sales proceeds. The arbitrator also noted Ms. Loos needed to reimburse Mr. Loos for one-half of the $500 arbitration fee. He ordered this reimbursement also be made from the BMW proceeds.

Ms. Loos shipped the BMW to Mr. Loos in 2019. A dispute then arose as to whether Ms. Loos violated the terms of the CR 2A agreement and arbitration award by damaging the vehicle prior to shipment, refusing to facilitate sale of the vehicle, attempting to extort money out of Mr. Loos in return for facilitating the sale, and failing to pay funds owed to Mr. Loos.

Mr. Loos moved for an order of contempt against Ms. Loos based on the aforementioned dispute. After considering the matter on the pleadings, the trial court found Ms. Loos had not acted in bad faith; nevertheless, the court determined Ms. Loos had not complied with prior court orders or the arbitration award. The court ordered Ms. Loos pay Mr. Loos for her portion of the arbitrator's fee, the vehicle shipping fee, and vehicle insurance and loan payments from January to May 2019. The court did not make a finding that Ms. Loos's failure to pay was intentional. It merely issued judgment

for the amount owing of $4,233.90. Mr. Loos sought reconsideration, which the court

denied without explanation.

Mr. Loos timely appeals the trial court's orders on contempt and reconsideration.

ANALYSIS

*Contempt*

In the context of dissolution proceedings, different statutes govern motions for

contempt. Contempt for violating a parenting plan is governed by RCW 26.09.160(2)(b).

Contempt for violating a support or maintenance order is governed by RCW 26.18.050,

which cross references RCW 7.21.010. All other contempt actions fall under the general

contempt statute, RCW 7.21.010. Of the foregoing statutes, only RCW 26.09.160(2)(b)

(governing parenting plans) requires proof of bad faith. The other statutes require proof

of intent. *See* RCW 7.21.010(1).

The dispute here did not involve violation of a parenting plan under

RCW 26.09.160(2)(b).[1] Accordingly, Mr. Loos was only required to prove Ms. Loos

intentionally violated a court order as required by RCW 7.21.010(1)(b). We review

a trial court's contempt decision for abuse of discretion. *In re Marriage of Williams*,

---

[1] In his contempt motion, Mr. Loos erroneously cited to chapter 26.09 RCW and chapter 26.18 RCW as the governing legal authority.

4

156 Wn. App. 22, 27, 232 P.3d 573 (2010). "A court abuses its discretion by exercising it on untenable grounds or for untenable reasons." *Id.*

Mr. Loos's argument that the trial court abused its discretion in denying his contempt motion is unclear. In his opening brief, Mr. Loos claimed the trial court abused its discretion in denying contempt after finding Ms. Loos acted in bad faith. But in his reply brief, Mr. Loos acknowledges that he misread the trial court's ruling, as the trial court actually found Ms. Loos had "not" acted in bad faith. CP at 55. Mr. Loos does not fault the trial court for addressing bad faith instead of intent. Indeed, this error appears to have been invited by Mr. Loos in his motion.[2] In any event, because the trial court did not find Ms. Loos's failure to comply with the CR 2A agreement or the arbitration award was accompanied by some sort of volitional mens rea, the court's findings were consistent with the denial of the contempt motion.

Mr. Loos appears to argue that he should have been awarded contempt damages, including repair costs and attorney fees because undisputed evidence shows Ms. Loos damaged the BMW, failed to abide by the arbitration award, and refused to cooperate with the sale of the vehicle. To the extent this is Mr. Loos's position, it fails on several

---

[2] As previously noted, Mr. Loos erroneously cited to chapter 26.09 RCW and chapter 26.18 RCW as support for his contempt motion.

fronts. For one thing, Ms. Loos disputed all of Mr. Loos's factual claims. Thus, the evidence was not undisputed and the trial court could rightly deny Mr. Loos's motion based on a failure of proof. In addition, while Ms. Loos was required to make payments pursuant to the arbitration award, those payments were not due until after the sale of the BMW. Because the BMW had not been sold at the time of the contempt motion, there was no direct violation of the arbitration award.

In his reply brief, Mr. Loos cites to the case of *In re Marriage of Lyle*, 199 Wn. App. 629, 398 P.3d 1225 (2017), for the argument that the trial court had the "power to order anything the pleadings and facts warrant." Reply Br. of Appellant at 2. This is a misreading of the decision. In *Lyle*, we held that on a motion for revision the superior court had the authority to not only reverse the commissioner's decision on the modification of child support, but also to provide an appropriate remedy. 199 Wn. App. at 630. *Lyle* did not involve review of an arbitration award and did not afford judges unbridled authority to issue awards in dissolution disputes.

*Attorney fees*

Mr. Loos argues that the trial court abused its discretion when it refused to award him attorney fees for having to litigate to enforce the arbitration award and because of Ms. Loos's intransigence. We disagree.

Mr. Loos filed a motion for contempt, but the trial court did not find contempt. Given this circumstance, the trial court did not abuse its discretion in failing to award fees on the basis asserted by Mr. Loos. *See* RCW 7.21.030(3); *In re Marriage of Humphreys*, 79 Wn. App. 596, 599, 903 P.2d 1012 (1995). In his contempt motion, Mr. Loos made a reference to intransigence and cited cases authorizing attorney fee awards based on intransigence. However, the trial court never made a finding of intransigence. Given this circumstance, it was not an abuse of discretion to deny Mr. Loos's request for fees.

APPELLATE ATTORNEY FEES

Both parties request attorney fees on appeal. Under RAP 18.1(a), we may award attorney fees if authorized by applicable law. To be entitled to fees, a party must devote a section of their opening brief to the request. RAP 18.1(b). Compliance with RAP 18.1(b) requires more than a "bald request." *Thweatt v. Hommell*, 67 Wn. App. 135, 148, 834 P.2d 1058 (1992). Argument and citation to authority are required. *Austin v. U.S. Bank of Wash.*, 73 Wn. App. 293, 313, 869 P.2d 404 (1994).

Mr. Loos cites RCW 7.21.030(3) as a basis for a fee award. This statute affords discretion to award attorney fees against a party found in contempt. Because Ms. Loos was not found in contempt, Mr. Loos is not entitled to fees under this statute.

Both parties cite RCW 26.09.140 as authority for a fee award. This statute provides discretion for awarding fees in an appeal of a dissolution action. In exercising our discretion, we consider the arguable merits of the case and the parties' financial resources. *In re Marriage of King*, 66 Wn. App. 134, 139, 831 P.2d 1094 (1992). For us to consider financial resources, the parties must file financial declarations at least 10 days before the date the case is set for consideration on the merits. RAP 18.1(c).

Because Mr. Loos is not the prevailing party on appeal and has not demonstrated an inability to pay the costs of appeal, we decline to award attorney fees under RCW 26.09.140.

Ms. Loos's argument in support of fees is based on her purported poverty and Mr. Loos's bad faith in bringing the appeal. Ms. Loos does not argue Mr. Loos's appeal is frivolous as contemplated by RAP 18.9(a). Nor has she filed a declaration setting forth her financial circumstances. Thus, we deny Ms. Loos's request for fees.

CONCLUSION

The orders on appeal are affirmed. The parties' request for attorney fees on appeal are denied.

No. 37716-4-III
*In re Marriage of Loos*


A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Pennell, J.

WE CONCUR:


_____
Lawrence-Berrey, A.C.J.

_____
Staab, J.

9