236 P.3d 981 (2010)
Anthony HOLIDAY and Pam Holiday, husband and wife, Respondents and Cross-Appellants,
v.
CITY OF MOSES LAKE, a municipal corporation, Appellant.
No. 28233-3-III.
Court of Appeals of Washington, Division 3.
August 5, 2010.
*982 James Anthony Whitaker, Katherine Lynn Kenison, Attorneys at Law, Ephrata, WA, for Appellant.
Harry Everett Ries, Attorney at Law, Moses Lake, WA, for Respondents and Cross-Appellants.
BROWN, J.
¶ 1 The City of Moses Lake (the City) appeals an order finding it disobedient of the superior court's earlier writ of prohibition forbidding it from taking enforcement action against Anthony and Pam Holiday (the Holidays) for their use of a lot adjacent to their home for parking. The Holidays cross-appeal the superior court's decision not to hold the City in contempt and award them their attorney fees and costs connected to enforcing the writ. We reject both appeals and *983 affirm the trial court. However, we agree with the Holidays that the City's appeal is frivolous and award the Holidays their appellate attorney fees.

FACTS
¶ 2 The Holidays own a vacant lot adjacent to their home in Moses Lake. They have stored vehicles and boats on the lot since 1995.
¶ 3 On March 9, 2006, listing the violation location as the Holidays' home address, the City issued an infraction to them for "vehicles stored on a non-city improved surface," in violation of MLMC 8.50.040(B)(1). Clerk's Papers (CP) at 12. MLMC 8.50.040(B)(1) specified the location in which vehicles could be parked or stored outside on a residential property, on an improved parking surface or a designated driveway. At the infraction hearing, the code enforcement officer explained the MLMC prohibited storing vehicles on an empty lot. The officer explained the Holidays would be compliant with the MLMC if they went through a boundary line adjustment to attach their two separate lots to each other, and then placed their vehicles on a city approved surface; the process would cost around $3,000. A Grant County district court commissioner sitting as a judge pro tem for the municipal court responded, "That is the dumbest thing I ever heard," and dismissed the infraction. CP at 115.
¶ 4 The same day, listing the violation location as the vacant lot parcel number, the City issued a second infraction to the Holidays alleging the same violation as the first infraction. This infraction, like the first infraction, was dismissed on February 20, 2007 by a Grant County district court judge sitting as the City's municipal court judge.
¶ 5 On March 7, 2007, the City sent the Holidays a "NOTICE TO CORRECT UNLAWFUL CONDITION" for "Improper Storage of Vehicle," in violation of MLMC 8.50.040(F). CP at 14. The notice stated that the Holidays had vehicles stored on their vacant lot, in violation of MLMC 8.50.040(F). MLMC 8.50.040(F) provided that "[n]o vehicles or recreational vehicles shall be parked or stored on vacant property unless allowed by law." CP at 172. The notice partly stated:
You are notified to correct said condition to the satisfaction of the undersigned within 7 days of the date of this notice. If you do not correct the condition within the specified time period, a notice of infraction will be issued to you along with a fine.
CP at 14.
¶ 6 On April 16, 2007, the City sent the Holidays another notice, alleging the same violation as the March 7, 2007 notice, and requesting the same correction. On April 27, the City sent the Holidays a "NOTICE OF VIOLATION AND ORDER TO CORRECT OR CEASE ACTIVITY," stating that the Holidays had violated MLMC 8.50.040(F), and ordering them to correct or cease the activity stated as "[n]o vehicles or recreational vehicles shall be parked or stored on vacant property unless allowed by law." CP at 16. The notice required the Holidays to correct or cease the activity by May 14, or incur a civil penalty. In June 2007, after the conditions remained the City sued the Holidays in district court to collect an allegedly accrued $5,000 civil penalty.
¶ 7 In August 2007, the City wrote the Holidays informing them a hearing would be held before the city council to determine whether a nuisance existed on their property. In response, the Holidays successfully sued the City in superior court for a writ of prohibition. By order on January 4, 2008, the superior court prohibited the City from proceeding against the Holidays for violations of MLMC chapter 8.50 arising out of their use of their lot, and from collecting any fines or penalties for such violations with one exception for change of use. The trial court stated:
[A] Writ of Prohibition is appropriate because [the Holidays] do not have a plain, speedy and adequate remedy in the ordinary course of law and the CITY is about to act in excess of its jurisdiction, and ... the present actions by the CITY are barred by the doctrine of res judicata in that a prior action brought by the CITY against [the Holidays] concurs in identity in subject matter, cause of action, persons *984 and parties, and quality of the persons for or against whom the claim is being made.
CP at 152-53.
¶ 8 On April 13, 2009, the City sent the Holidays another "NOTICE TO CORRECT UNLAWFUL CONDITION" for "Improper Storage of Vehicles," in violation of MLMC 8.52.040(F).[1] CP at 208-09. MLMC 8.52.040(F) provided, "No vehicles or recreational vehicles shall be parked or stored on vacant property unless allowed by law." CP at 171. The notice stated that the Holidays had boats and vehicles stored on their vacant lot, in violation of MLMC 8.52.040(F). The notice partly stated:
You are notified to correct said condition to the satisfaction of the undersigned within 10 days of the date of this notice. If you do not correct the condition within the specified time period, a Notice & Order will be issued to you along with a fine of $250.00 per day.
CP at 208.
¶ 9 On April 28, 2009, the City sent the Holidays a "NOTICE OF VIOLATION AND ORDER TO CORRECT OR CEASE ACTIVITY," stating that the Holidays had violated MLMC 8.52.040(F), and ordering them to remove all vehicles from the lot by May 8, 2009, or incur a civil penalty. CP at 210-11.
¶ 10 On May 8, 2009, the Holidays moved for contempt against the City under chapter 7.21 RCW for violating the writ. On June 12, the trial court found the City had violated the writ by its April 2009 code enforcement action. Specifically:
[T]he present attempted enforcement action by [the City] as set forth in the Notice to Correct Unlawful Condition dated April 13, 2009 and the Notice of Violation and Order to Correct or Cease Activity dated April 28, 2009 ... are identical to the action prohibited by this Court in the Writ of Prohibition entered on January 4, 2008, and that the provision of MLMC 8.50.040F which [the City] was previously prohibited from enforcing is identical to MLMC 8.52.040F, which [the City] is now trying to enforce.
CP at 173-74.
¶ 11 But finding the prohibition order breach unintentional, the court declined to find the City in contempt. Instead, the trial court dismissed the April 13, 2009 and April 28, 2009 code enforcement actions against the Holidays. The trial court ruled that because the City was not found in contempt, the Holidays were not entitled to attorney fees. In issuing its ruling, the trial court stated: "My previous ruling that's the basis for the Writ of Prohibition ... was not necessarily the correctness of [the municipal court's] ruling, but rather that the parties had had their day in Court and there was issue and claim preclusion." Report of Proceedings (May 29, 2009) at 10.
¶ 12 The City appealed the June 12, 2009 order. The Holidays cross-appealed the superior court's failure to then find the City in contempt and award attorney fees.

ANALYSIS

A. Writ of Prohibition
¶ 13 The issue is whether the trial court erred in issuing the writ of prohibition. Preliminarily, we address the Holidays' contention that the City is precluded from raising this issue because it did not appeal the trial court's issuance of the writ of prohibition.
¶ 14 "When a judgment disposes of all claims and all parties, it is both appealable and preclusive." Kemmer v. Keiski, 116 Wash.App. 924, 932, 68 P.3d 1138 (2003). An appeal must be filed within 30 days of the decision being challenged. RAP 5.2(a).
¶ 15 Here, the trial court issued the writ of prohibition on January 4, 2008. This ruling disposed of all claims and all parties then before the trial court. The City did not appeal this ruling. The City waited to appeal the June 12, 2009 show cause order. Therefore, the City's challenge to the writ of prohibition is untimely.
*985 ¶ 16 Even so, the City contends the superior court misapplied the doctrine of claim preclusion to prohibit the City's code enforcement actions against the Holidays. Thus, the City argues claim preclusion does not apply to its April 2007 and April 2009 code enforcement actions. The doctrine of claim preclusion bars a plaintiff "`from litigating claims that either were, or should have been, litigated in a former action.'" Energy Nw. v. Hartje, 148 Wash.App. 454, 464, 199 P.3d 1043 (2009) (quoting Kuhlman v. Thomas, 78 Wash.App. 115, 120, 897 P.2d 365 (1995)).
¶ 17 Again, the sole ruling appealed by the City was the June 12, 2009 show cause order. Whether the doctrine of claim preclusion applies to the City's April 2007 code enforcement action was not at issue in the contempt proceeding. The record shows claim preclusion was a stated basis for the trial court's issuance of the writ of prohibition. However, as reasoned above, the City did not appeal the trial court's issuance of the writ of prohibition. Therefore, the City cannot now raise the issue of whether claim preclusion applies to its April 2007 code enforcement action.
¶ 18 The superior court dismissed the City's April 2009 code enforcement action in the June 12, 2009 show cause order. The writ of prohibition prohibited the City from taking action against the Holidays except for a changed use. The record does not show a changed use. Thus, the City's April 2009 code enforcement action violated the writ of prohibition. Therefore, the trial court did not err in dismissing it.
¶ 19 The City next argues claim preclusion does not apply to its April 2009 code enforcement action, because after the March 9, 2006 infraction, in 2008, the City repealed MLMC Chapter 8.50 and adopted a new chapter, MLMC chapter 8.52. The City argues the new chapter created a new law, which applies to the Holidays even though the applicable MLMC language is unchanged. We disagree. The writ of prohibition prohibited the City from taking action against the Holidays for their lot use. Therefore, regardless of the legal effect of the repeal of MLMC chapter 8.50 and the adoption of MLMC chapter 8.52, the City could not proceed with its April 2009 code enforcement action without violating the writ of prohibition.
¶ 20 In sum, the claim preclusion argument regarding the City's April 2007 code enforcement action is not properly before us. The court did not err in dismissing the City's April 2009 code enforcement action as barred by the writ of prohibition.

B. Contempt and Attorney Fees for Trial
¶ 21 The Holidays' cross-appeal issue is whether the superior court erred by failing to find the City in contempt for violating the writ of prohibition and in failing to award them attorney fees. The Holidays argue a finding that violation of a previous court order was intentional was not required for a contempt finding.
¶ 22 Whether contempt is warranted is a matter within the trial court's discretion. Moreman v. Butcher, 126 Wash.2d 36, 40, 891 P.2d 725 (1995). "An abuse of discretion is present only if there is a clear showing that the exercise of discretion was manifestly unreasonable, based on untenable grounds, or based on untenable reasons." Id.
¶ 23 The Holidays moved for contempt under chapter 7.21 RCW. Under this chapter, "`[c]ontempt of court'" is defined, in relevant part, as "intentional ... [d]isobedience of any lawful judgment, decree, order, or process of the court." RCW 7.21.010(1)(b) (emphasis added); see also, e.g., In re Estates of Smaldino, 151 Wash.App. 356, 364-66, 212 P.3d 579 (2009) (disobedience of a court order must be intentional for a finding of contempt). Thus, contrary to the Holidays' contention, a finding that a violation of a previous court order was intentional is required for a finding of contempt. The Holidays erroneously rely on a case citing to a previous version of the general contempt statute, which did not include the intentional requirement. See Mathewson v. Primeau, 64 Wash.2d 929, 934, 395 P.2d 183 (1964) (citing to former RCW 7.20.010(5) (LAWS OF 1877, ch. 59, § 730), repealed by LAWS OF 1989, ch. 373, § 28).
¶ 24 The writ of prohibition prohibited the City from taking any actions against the *986 Holidays for their use of their lot unless the Holidays parked additional vehicles there. Despite this prohibition, the City proceeded with its code enforcement action against the Holidays in April 2009. This disobeyed the writ of prohibition. See RCW 7.21.010(1)(b). But RCW 7.21.030(3) is discretionary as to attorney fees and costs even when contempt of court is found:
The court may, in addition to the remedial sanctions set forth in subsection (2) of this section, order a person found in contempt of court to pay a party for any losses incurred in connection with the contempt proceeding, including reasonable attorney's fees.
(Emphasis added.)
¶ 25 The trial court did not abuse its discretion by declining to find the City in contempt of the writ of prohibition and denying attorney fees even though the City was visibly disobedient. While we, and the trial court, have rejected the City's arguments about changed conditions and the numbering revision for its ordinances, we cannot say the superior court abused its discretion in deciding against a contempt finding and attorney fees. See State v. McMillan, 152 Wash.App. 423, 426-27, 217 P.3d 374 (2009) (stating "[t]he word `may' when used in a statute is generally permissive and operates to confer discretion.") (citing Spokane County ex rel. Sullivan v. Glover, 2 Wash.2d 162, 169, 97 P.2d 628 (1940)).

C. Attorney Fees on Appeal
¶ 26 The Holidays seek attorney fees on appeal under RAP 18.9(a), arguing that the City's appeal is frivolous. We agree.
¶ 27 RAP 18.9(a) authorizes us, on our own initiative or on a motion of a party, to order a party or counsel who files a frivolous appeal "to pay terms or compensatory damages to any other party who has been harmed by the delay or the failure to comply or to pay sanctions to the court." "Appropriate sanctions may include, as compensatory damages, an award of attorney fees and costs to the opposing party." Yurtis v. Phipps, 143 Wash.App. 680, 696, 181 P.3d 849 (2008). "`An appeal is frivolous if, considering the entire record, the court is convinced the appeal presents no debatable issues upon which reasonable minds might differ and that it is so devoid of merit that there is no possibility of reversal.'" Kinney v. Cook, 150 Wash.App. 187, 195, 208 P.3d 1 (2009) (quoting Lutz Tile, Inc. v. Krech, 136 Wash.App. 899, 906, 151 P.3d 219 (2007)). Further, when deciding if an appeal is frivolous, we resolve all doubts in favor of the appellant. Id. (citing Lutz Tile, Inc., 136 Wash.App. at 906, 151 P.3d 219).
¶ 28 Here, the City's appeal raises no debatable issues upon which reasonable minds could differ. Essentially, the City seeks to appeal the writ of prohibition, over one and a half years after its issuance. Thus, its appeal is without merit, and the Holidays are entitled to attorney fees pursuant to RAP 18.9(a).
¶ 29 Affirmed.
WE CONCUR: KULIK, C.J., and SIDDOWAY, J.
NOTES
[1] The notice also alleged a violation of another provision of the MLMC. However, that provision is not at issue here.