IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re the Marriage of: | ) | |
| | ) | No. 30937-1-III |
| KIRSTEN MARIE HESS, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| SCOTT DAMON HESS, | ) | |
| | ) | |
| Appellant. | ) | |

KORSMO, C.J. — This appeal arises from a series of contempt allegations involving a parenting plan. We conclude that the trial court correctly concluded there was no contempt in the four matters before us, but we reverse the award of attorney fees to the mother. We thus affirm in part and reverse in part.

FACTS

Representing himself in this court, as he did in the trial court, appellant Scott Hess challenges the trial court's determination that his former wife, Kristen Nachtmann, was not in contempt on four occasions where the couple's parenting plan went awry. The couple's marriage was dissolved in 2006. At that time, a parenting plan was entered governing the custody of their son, EJH, who was born two years earlier.

Ms. Nachtmann was awarded primary custody, but EJH was to reside with Mr. Hess every other weekend and eight hours on one additional Saturday each month. Holiday visitations were addressed separately and mediation was required for any issues other than child support. A revised plan alternated authority to decide which Saturday would provide the additional eight hours and also addressed holidays that fell on weekends.

In November, 2011, Mr. Hess filed a motion to show cause why Ms. Nachtmann should not be held in contempt for six alleged violations of the parenting plans. After a hearing, the court issued a written decision in February, 2012, that agreed Ms. Nachtmann had intentionally not notified Mr. Hess when EJH was not attending school. The court found that Ms. Nachtmann was not in contempt on the other five allegations. The court awarded costs and fees, but not attorney fees, to Mr. Hess on the count he prevailed on. The court awarded costs and attorney fees of $3,462.45 to Ms. Nachtmann on the five remaining counts.

Mr. Hess then timely appealed to this court.

### ANALYSIS

Mr. Hess challenges the court's ruling on four of the five failed contempt allegations as well as the award of attorney fees. Both parties seek attorney fees or costs for this appeal pursuant to RCW 26.09.140. We will address the contempt allegations and attorney fees/costs as separate issues.

2

*Contempt Ruling*

Mr. Hess argues that the court erred in determining that Ms. Nachtmann was not in contempt in four instances in which he complained otherwise. Without repeating the incidents in this opinion, we can summarize the claims by noting that in several instances visitation (or other notice) did not occur as planned for various reasons such as late notice or confusion over holiday dates. The trial court concluded that there was no contempt due to lack of intent and/or contribution to the problem by Mr. Hess.

Numerous standards guide review of this claim. Contempt of court is the intentional disobedience of a lawful court order. *In re Marriage of Humphreys*, 79 Wn. App. 596, 599, 903 P.2d 1012 (1995), (citing RCW 7.21.010(1)). In the context of dissolution and parental support, contempt is governed by RCW 26.09.160. Under that statute, a court "shall find" a party in contempt based on a written finding, after a hearing, "that the parent, in bad faith, has not complied with the order establishing residential provisions for the child." RCW 26.09.160(2)(b); *see In re Marriage of James*, 79 Wn. App. 436, 440, 903 P.2d 470 (1995). The party moving for contempt has the burden of proving contempt by a preponderance of the evidence, by providing evidence that the offending party "acted in bad faith or engaged in intentional misconduct or that prior sanctions have not secured compliance with the plan." *Id.* at 442. A contempt ruling must be supported by a finding that a violation of a previous court order was intentional. *Holiday v. City of Moses Lake*, 157 Wn. App. 347, 355, 236 P.3d 981 (2010).

3

This court reviews a trial court's decision in a contempt proceeding for an abuse of discretion. *James*, 79 Wn. App. at 439-40. This court does not weigh conflicting evidence or substitute our judgment for that of the trial court. *In re Marriage of Rich*, 80 Wn. App. 252, 259, 907 P.2d 1234 (1996). A trial court's challenged factual findings regarding contempt will be upheld on appeal if they are supported by substantial evidence. *In re Marriage of Rideout*, 150 Wn.2d 337, 350, 77 P.3d 1174 (2003). However, because it is the role of the trial court, not the appellate court, to find facts, a reviewing court lacks the ability to find persuasive evidence that the trier of fact failed to find persuasive. *Quinn v. Cherry Lane Auto Plaza, Inc.*, 153 Wn. App. 710, 717, 225 P.3d 266 (2009).

Mr. Hess's appeal of the contempt ruling largely runs afoul of this last principle. This court is capable of determining whether or not the evidence supports a court's finding of fact. *Id.* It is not capable of countermanding a determination that something did not happen because that would make this court, not the trial court, the determiner of what did occur. *Id.*

Whether or not someone acted with the requisite intent is a factual question. *Id.* Thus, even where, as here, the other salient facts are not in dispute (*e.g.*, EJH did not spend the weekend with his father when he was supposed to), the fact of intent still must be proved. If the trier of fact was not convinced that Ms. Nachtmann acted intentionally, the fact that EJH was not where he was supposed to be was insufficient to prove

contempt. That is largely what happened here. This court cannot find intent where the trial court did not.

The trial court did not err in its determination that Ms. Nachtmann was not in contempt in the challenged instances.

*Attorney Fees and Costs*

Mr. Hess challenges the court's award of attorney fees to Ms. Nachtmann. Invoking RCW 26.09.140, Mr. Hess seeks his costs in this appeal and Ms. Nachtmann seeks her costs and attorney fees. The trial court awarded costs and/or attorney fees in accordance with the claims on which each party prevailed. We conclude that the trial court erred in assessing attorney fees against Mr. Hess. Exercising our discretion, we decline to award fees or costs to either party on appeal.

Several statutes are at issue here. In a case of a first violation of the residential provisions of a parenting plan, a parent who acted in bad faith shall be ordered to reimburse "all court costs and reasonable attorneys' fees incurred as a result of the noncompliance." RCW 26.09.160(2)(b)(ii). However, when the court finds that a party brought a contempt action under this statute "without reasonable basis," it shall order the moving party to pay costs and "reasonable attorneys' fees." RCW 26.09.160(7).

A pro se litigant is not entitled to attorney fees due to the fact that none were incurred. *In re Marriage of Brown*, 159 Wn. App. 931, 938-39, 247 P.3d 466 (2011). Another statute of potential application is RCW 7.21.030(3), which permits the trial court

to order a party found in contempt to pay "reasonable attorney's fees" to the party that suffered a loss from the contempt. This statute is discretionary with the trial court, even when contempt is found. *Holiday v. City of Moses Lake*, 157 Wn. App. 347, 355-56, 236 P.3d 981 (2010).

Whenever a court orders "reasonable" attorney fees, it must enter findings in support of the award in accordance with the lodestar methodology after determining the amount of work necessary and the appropriate hourly fee for that work. *Mahler v. Szucs*, 135 Wn.2d 398, 434-35, 957 P.2d 632 (1998). A court's award of attorney fees is reviewed for abuse of discretion. *Id.* at 435. The findings are necessary for an appellate court to review the award. *Bentzen v. Demmons*, 68 Wn. App. 339, 350, 842 P.2d 1015 (1993).

With this background, we now turn to the challenged award. Ms. Nachtmann sought fees in the trial court under both RCW 26.09.140 and .160(7).[1] As to the latter statute, the primary problem for respondent is that the trial court never found that the contempt action was without reasonable basis. Although this court can affirm a trial court ruling on the basis of a reason existing in the record, we are not in a position to rule as a matter of law that Mr. Hess brought this action for an improper purpose such as

---

[1] As the allegedly contemptuous party, Ms. Nachtmann was not eligible for attorney fees under either RCW 7.21.030 or RCW 26.09.160(2) despite her successful defense of those claims. Instead, those statutes act simply to remediate the costs of enforcing a contempt action to the injured party.

harassment or that he acted without a reasonable basis. Indeed, the fact that he prevailed on one of his theories largely negates those possibilities. Although it is conceivable that he had mixed motives in bringing his motion, in the absence of written findings to that effect we cannot say that is the case here. Accordingly, RCW 26.09.160(7) does not support the trial court's award of attorney fees.

RCW 26.09.140 permits both the trial and appellate courts, in their discretion, to award fees largely in accordance with need and the other side's ability to pay. Nothing in the statute conditions this award on whether a party prevails in an action or not. In light of the trial court's assessment of fees in accordance with the issues on which the parties prevailed, it is clear that the court did not award fees under this statute. Indeed, we are not aware of any statute, other than the competing sections of RCW 26.09.160(2) and (7) when appropriate findings exist, that could have authorized an award of the type made here. Because neither statute supports the fee award under these facts, we reverse it.

We also exercise our discretion under RCW 26.09.140 to deny both parties their requested fees and costs in this appeal. In light of the fact that both parties have prevailed on one substantial issue, there is no prevailing party and no party will be accorded statutory fees or costs. RAP 14.2; RAP 14.3.

Affirmed in part and reversed in part.

No. 30937-1-III
*Marriage of Hess*


A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, C.J.

WE CONCUR:

_____
Brown, J.

_____
Fearing, J.

8