# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

In the Matter of the Marriage of

BARBARA TEMPLIN,

Respondent,

and

JAMES KLAVANO,

Appellant.

No. 77211-2-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: January 14, 2019



LEACH, J. — James Klavano appeals the trial court's decision, on remand, awarding Barbara Templin attorney fees and costs in this marriage dissolution action. He challenges the sufficiency of the evidence to show that Templin had a need and Klavano had the ability to pay her trial attorney fees. He also claims that the court's trial and appellate attorney fees awards are unreasonable. We disagree and affirm.

## BACKGROUND

This is the second appeal in this case.[1] In the first appeal, this court affirmed the trial court except for its denial of Templin's request for reasonable

---

[1] In re Marriage of Templin, No. 73415-6-I, slip op. at 1 (Wash. Ct. App. Aug. 29, 2016) (unpublished), http://www.courts.wa.gov/opinions/pdf/734156.pdf.

attorney fees.[2] We remanded for the trial court to consider, as required by RCW 26.09.140, Templin's need and Klavano's ability to pay.[3] We also awarded Templin reasonable attorney fees and expenses on appeal with the trial court to determine the amount on remand.[4]

On remand, Templin asked that the trial court award her all of her trial court attorney fees and costs. In response, Klavano asked the court to first determine as a threshold issue Templin's entitlement to any attorney fees or costs based on her need and his ability to pay. The trial court initially advised the parties that it had all the materials it needed to decide the issues and would do so in early May without oral argument.

Later, the court held a telephone conference because it "had a few questions of each representative counsel for Ms. Templin." The court found that Templin had a need for Klavano to pay her trial attorney fees and costs and Klavano had the ability to pay. Klavano asked the court to reconsider its decision. On May 17, 2017, the trial court awarded Templin $75,200.00 in appellate attorney fees and $11,125.30 in appellate expenses. On June 2, it denied Klavano's motion for reconsideration of this order. On June 13, the court granted Templin's motion for reconsideration of the May 17 order to remove a credit that it had awarded Klavano and to require that Klavano pay an additional $900 to Templin for the fees incurred to bring this motion. On June 22, the court

---

[2] Templin, No. 73415-6-I, slip op. at 1.
[3] Templin, No. 73415-6-I, slip op. at 1.
[4] Templin, No. 73415-6-I, slip op. at 1-2.

denied Klavano's motion for reconsideration of its June 13 order. On July 5, it awarded Templin $240,085.01 in trial court attorney fees and $80,858.44 in expenses.

Klavano appeals both attorney fees awards and the award of trial costs.

## STANDARD OF REVIEW

An appellate court performs a two-part inquiry when reviewing attorney fees awards.[5] First, the court reviews de novo whether the prevailing party was entitled to attorney fees.[6] Second, the court reviews the reasonableness of the amount of fees awarded for an abuse of discretion.[7] This court will reverse an attorney fees award only where the trial court exercised its discretion based on untenable grounds or reasons.[8]

## ANALYSIS

Klavano makes a number of challenges to the trial court's decision to award Templin over $240,000 in trial court attorney fees, over $80,000 in trial expenses, and over $75,000 in appellate attorney fees. Because the record supports the trial court's decisions, we affirm.

RCW 26.09.140 authorizes a court in a dissolution action to order a party to pay for the other's reasonable attorney fees, other professional fees, and costs, after considering both parties' financial resources. A court asked to award

---

[5] Ethridge v. Hwang, 105 Wn. App. 447, 459, 20 P.3d 958 (2001).
[6] Ethridge, 105 Wn. App. at 459-60.
[7] Ethridge, 105 Wn. App. at 459-60.
[8] Fiore v. PPG Indus., Inc., 169 Wn. App. 325, 351, 279 P.3d 972 (2012).

fees under this statute must consider the parties' relative need and ability to pay and the general equity of a fee award given the disposition of the marital property.[9] When deciding the amount of a reasonable fee, the court should consider "'(1) the factual and legal questions involved; (2) the time necessary for preparation and presentation of the case; and (3) the amount and character of the property involved.'"[10]

### Trial Attorney Fees

*A. Conflicting Findings*

First, Klavano contends that some of the trial court's original findings, affirmed in the first appeal, conflict with its conclusion on remand that Templin has a need for Klavano to pay her trial attorney fees. We disagree.

Klavano correctly notes that this court did not find error with any of the trial court's findings. Thus, they bound the trial court on remand. He claims that some of these findings conflict with the trial court's conclusion on remand that Templin has a need. But the original findings that Klavano cites concern community property and maintenance. While the financial resources of each spouse is one of many factors relevant to a court's decision about the disposition of property[11] and maintenance,[12] it largely controls a fee decision under RCW

---

[9] In re Marriage of Van Camp, 82 Wn. App. 339, 342, 918 P.2d 509 (1996).

[10] Van Camp, 82 Wn. App. at 342 (quoting In re Marriage of Knight, 75 Wn. App. 721, 730, 880 P.2d 71 (1994)).

[11] RCW 26.09.080.

[12] RCW 26.09.090.

26.09.140. The trial court's findings made to support its disposition of property and maintenance do not conflict with a conclusion that Templin needs help paying her litigation expenses.

Klavano also claims that the trial court ignored its earlier findings about his ability to pay. The trial court's order awarding trial court attorney fees to Templin, states, "At the end of the parties' marriage the husband was awarded $7.6 million in property, a significant portion of which was liquid assets. The monthly income disparity between the parties was also significant—in [Klavano's] favor." Based on this finding, the trial court concluded that Klavano had the ability to pay Templin's trial attorney fees.

Klavano compares this conclusion with the following finding made after the trial: "[Klavano] is 65 years old, semi-retired and no longer receives W-2 wages. He is living off the income from his separate investments, and must use his separate capital to meet his living expenses and to meet his needs and separate financial obligations—as he did during the parties' marriage." But the fact that Klavano no longer receives W-2 wages and must use his separate property to meet his living expenses does not undermine the court's conclusion that he has the ability to pay Templin's attorney fees. The trial court awarded him $7.6 million in property while Templin received less than $1 million. The trial court's determination that Klavano had the ability to pay does not conflict with its original finding.

## B. RCW 26.09.140 Requirements

Next, Klavano contends that the trial court failed to make an adequate record to allow for review of Templin's need and Klavano's ability to pay. Alternatively, he challenges the sufficiency of the evidence to show that Templin had a need. We disagree.

The trial court's order awarding Templin attorney fees and expenses states that Templin had a need and Klavano had the ability to pay and explained the court's reasoning. This provides an adequate record for review.

Klavano challenges the following finding in the trial court's order awarding Templin attorney fees:[13]

> [Templin's] resources at the commencement of this action were limited because at the beginning of this litigation the wife had virtually no liquid assets of her own with which to pay her fees and costs. At the end of the parties' marriage, the wife was left with less than 10 percent of the marital estate (consisting mostly of her own retirement accounts), no maintenance, and fees still owed of more than $246,000, as well as expert witness fees owed of more than $36,000. Short of selling jewelry of limited value and borrowing further against her retirement, which she had already encumbered to pay some of her litigation costs, or worse, liquidating her retirement, the wife had no other assets available to pay fees.

---

[13] An appellant must identify and set forth challenged findings consistent with RAP 10.3(g). M/V La Conte, Inc. v. Leisure, 55 Wn. App. 396, 401, 777 P.2d 1061 (1989). This rule requires that appellants make a separate assignment of error for each challenged finding with reference to the finding number. RAP 10.3(g). Klavano assigns error to select findings and conclusions by underlining them and attaching the relevant orders as appendices to his opening brief. He does not properly assign error. But because we may excuse an appellant's failure to properly assign error when the nature of the challenge is clear, we review his challenges to the findings and conclusions he discusses in his briefing. State v. Olson, 74 Wn. App. 126, 128, 872 P.2d 64 (1994).

Based on this finding, the trial court concluded that Templin established a need for Klavano to pay her trial attorney fees.

First, Klavano contends that Templin's financial declaration does not support this finding because her declaration is not credible. He claims that she did not include her Alaska Airlines retirement account or her jewelry, she "embezzled" $90,000 from his company, and "contrary to her false representations to the court," she was in good health and capable of working full time. But we do not make credibility determinations or findings about whether a party misrepresented her finances. And the trial court recognized that Templin had an Alaska Airlines retirement account and jewelry but noted that these were the only assets available to Templin to pay her fees. Klavano does not contest this. Consistent with the trial court's finding, Klavano agrees that Templin borrowed money from her 401(k) to pay a portion of her attorney fees.

Klavano also complains that Templin did not use her "unwarranted" temporary maintenance award to pay her attorney fees. But he cites no authority holding that a spouse must use her temporary maintenance to pay her attorney fees. He also notes that Templin was awarded more than 10 percent of the marital estate but ignores that this left him with nearly 90 percent. Substantial evidence supports the trial court's findings.

Klavano also asserts that the trial court did not balance Templin's relative need against his ability to pay as RCW 26.09.140 requires. Templin received approximately 10 percent of the marital estate and no maintenance and owes

more than $246,000 in trial attorney fees and $36,000 in expert witness fees. Klavano received $7.6 million in property. Relative to Klavano, Templin has a need, and relative to Templin, Klavano has the ability to pay. The trial court did not err in concluding that Templin established her need and Klavano has the ability to pay.

## C. Reasonableness of Award

Next, Klavano challenges the reasonableness of the amount of the attorney fees for trial court proceedings. We reject this challenge.

"'Courts must take an <u>active</u> role in assessing the reasonableness of fee awards, rather than treating cost decisions as a litigation afterthought. Courts should not simply accept unquestioningly fee affidavits from counsel.'"[14] The trial court must consider the relevant facts and provide reasons for the award sufficient for review, but "a detailed analysis of each expense claimed is not required."[15] It need not "deduct hours here and there just to prove to the appellate court that it has taken an active role in assessing the reasonableness of a fee request."[16] But "[t]he findings must show how the court resolved disputed issues of fact and the conclusions must explain the court's analysis."[17]

First, Klavano asserts that substantial evidence does not support the trial court's finding supporting its conclusion that Templin's claim for attorney fees

---

[14] Berryman v. Metcalf, 177 Wn. App. 644, 657, 312 P.3d 745 (2013) (quoting Mahler v. Szucs, 135 Wn.2d 398, 434-35, 957 P.2d 632 (1998)).
[15] Steele v. Lundgren, 96 Wn. App. 773, 786, 982 P.2d 619 (1999).
[16] Miller v. Kenny, 180 Wn. App. 772, 823, 325 P.3d 278 (2014).
[17] Berryman, 177 Wn. App. at 658.

was reasonable; he also claims that this conclusion does not flow from its findings. Klavano challenges the following finding: "The factual and legal questions involved in this multi-million-dollar case were complex, requiring significant time to prepare and develop. This is supported in part by the fact that [Klavano] has paid over $300,000 in fees and costs himself." Klavano maintains that because the case was not complex, substantial evidence does not support this finding. He claims that Templin's false allegations and claims unnecessarily complicated a case involving the straightforward distribution of property. Klavano's briefing states his disagreement with the trial court's finding but does not show that substantial evidence does not support it.

He also claims that the above quoted finding does not support this conclusion:

> [Templin's] claim is reasonable because of the complexity of financial issues and the difficulty [Templin] had in protecting her interests. The factual and legal questions involved in this case are evident in part by the fact it required a nine-day trial. Moreover, the property to be distributed was significant. That [Templin] did not fully prevail at trial is not relevant to the application of the controlling criteria of RCW 26.09.140. In re Marriage of Rideout, 150 Wn.2d 337, 77 P.3d 1174 (2003).

Klavano again claims that the financial issues were not complex, the trial lasted nine days only because of Templin's many claims, and the reason the property to be distributed was significant was because Klavano had significant separate property. But the court's finding supports this conclusion. And again, Klavano merely disagrees with the trial court's classification of the proceedings

as "complex" without providing substantive argument or citations to the record. He also takes issue with the trial court's statement that the identity of the prevailing party is not relevant to RCW 26.09.140; he claims that it is relevant to the reasonableness of the fees award. But for the reasons discussed above, including the parties' relative need and ability to pay and the complexity of the trial, Klavano's success on some of Templin's claims does not make the trial court's fees award unreasonable.

In addition, he claims that the trial court abused its discretion by awarding Templin attorney fees for anticipated costs without supporting documentation, for untaxable costs, and for legal services that needlessly increased the cost of litigation. First, he asserts that the trial court erred in awarding Templin $1,500.00 in anticipated fees for a motion without supporting documentation showing the fees she actually incurred. The cases he relies on do not support the proposition that a trial court cannot award a reasonable amount for anticipated fees. And $1,500.00 for a motion is reasonable. Second, he contends that the trial court awarded $80,858.44 in trial costs when only taxable costs are statutorily authorized. Not only does he provide no analysis to support his claim, RCW 26.09.140 expressly authorizes an award for other professional fees. Because Klavano does not adequately argue these issues, we decline to consider them under RAP 10.3.[18]

_____

[18] RAP 10.3(a)(4); RAP 10.3(a)(6); Kadoranian v. Bellingham Police Dep't, 119 Wn.2d 178, 191, 829 P.2d 1061 (1992).

Third, he contends that the trial court improperly awarded Templin fees for legal services that unnecessarily increased the cost of litigation, including services related to Templin's "theft" of $90,000, her claim for maintenance, her refusal to provide discovery on multiple issues, her wrongful taking of privileged documents, and her frivolous expert opinions. The trial court did not make findings about whether Templin wrongfully took money or documents in either its findings of fact and conclusions of law after the bench trial or in its order granting Templin trial attorney fees and costs. This court does not resolve contested issues of fact.

Although Klavano asserts that Templin made false claims for maintenance, the court awarded her temporary maintenance. And Klavano claims that Templin refused to provide discovery in three instances but provides no citations to the record showing that the trial court found Templin improperly refused to provide discovery in those instances. Last, he contends that the testimony of three experts was frivolous. He states the trial judge found that late disclosure of expert witness's opinions delayed the proceedings and increased the cost of litigation. In its findings of fact and conclusions of law after the bench trial, the trial court found, "Both parties blamed the other for late disclosure of expert witness' opinions further delaying the proceedings and increasing the cost of litigation." It did not find that any expert testimony increased the cost of litigation. And Klavano does not show that expert testimony about symptoms Templin suffered from domestic abuse, how the marital community had been

undercompensated for Klavano's time devoted to his separate property, and Templin's ability to work, were frivolous. The trial court did not abuse its discretion by awarding Templin $320,943.45 in attorney fees and expenses.

## Appellate Attorney Fees

Klavano also makes multiple challenges to the trial court's award of appellate attorney fees. We reject his claims.

### A. Timeliness

Preliminarily, Templin challenges the timeliness of Klavano's appeal of the trial court's appellate attorney fees award. We disagree.

On June 22, the trial court denied Klavano's motion for reconsideration of its order granting Templin's motion for reconsideration of its May 17 order awarding Templin appellate attorney fees and costs. On July 5, it awarded her trial attorney fees and costs. Klavano appealed on August 2. On October 17, 2017, Templin asked a commissioner of this court to dismiss Klavano's appeal of all but the July 5 order. She claimed that Klavano's notice of appeal filed on August 2, 2017, was untimely because he did not file it within 30 days of the June 22 order as RAP 5.2(a) requires. The commissioner denied Templin's motion, holding that because the matter was before the trial court on remand to address two issues that the June 22 and July 5 orders resolved, Klavano's August 2 notice of appeal was timely as to all the orders. On November 15, Templin filed a motion to modify the commissioner's ruling to preserve her ability to address

the issue in her briefing to this court. On March 29, 2018, a commissioner of this court granted her motion to preserve the timeliness issue.

Templin contends that RAP 5.2(a) required that Klavano appeal the June 22 order awarding her appellate attorney fees within 30 days because it was a final judgment under RAP 2.2(a)(1) or, alternatively, it was a final order affecting a substantial right under RAP 2.2(a)(13). A judgement is appealable when it "'disposes of all claims and all parties.'"[19] Our Supreme Court has held that it "makes no sense to mandate an immediate appeal from a partial final judgment entered under CR 54(b), even though the judgment might qualify as appealable under RAP 2.2(d). Such a requirement would simply encourage multiple and perhaps unnecessary appeals in multiparty and multiclaim cases."[20] This reasoning applies here. Klavano's appeal of the trial court's award of appellate attorney fees was timely.

B. Adequacy of the Record

First, Klavano claims that the trial court did not make an adequate record for review of its appellate attorney fees award because it did not make findings on an alternative equity-based approach. He contends that this court's unpublished decision in In re Marriage of Castillos[21] requires a remand when the

---

[19] Holiday v. City of Moses Lake, 157 Wn. App. 347, 353, 236 P.3d 981 (2010) (quoting Kemmer v. Keiski, 116 Wn. App. 924, 932, 68 P.3d 1138 (2003)).
[20] Fox v. Sunmaster Prods., Inc., 115 Wn.2d 498, 505, 798 P.2d 808 (1990).
[21] No. 73117-3-I, slip op. at 5 (Wash. Ct. App. Jan. 19, 2016) (unpublished), http://www.courts.wa.gov/opinions/pdf/731173.pdf.

trial court does not make findings "on an alternative equity-based approach for an award of fees under RCW 26.09.140."

Although we need not follow Castillos because it is unpublished, this court did not remand in Castillos because the trial court failed to make findings on an alternative equity-basis in addition to applying the lodestar method; it remanded because the trial court failed to make adequate findings of fact and conclusions of law explaining the basis for its fees award.[22]  Here, the trial court used an equity-based approach and articulated its reasoning explaining its appellate attorney fees award in its order.

In addition, Klavano claims that the trial court did not make an adequate record because it did not explicitly discuss (1) the factual and legal questions involved, (2) the time necessary for preparation and presentation of the case, and (3) the amount and character of the property involved.  But findings on these factors are not mandatory and speak to the reasonableness of the award more than the adequacy of the record.[23]  And one of the trial court's findings does relate to these factors:

> In light of the size of the marital estate, the significance of the amount at stake in both Templin's appeal and in defending against Klavano's cross-appeal, and the size of the record in both this Court and in the Court of Appeals, this Court finds that the attorney fees and expenses incurred by Templin as set out in her counsel's declaration, plus the additional $1,500 incurred in preparing the

---

[22] Castillos, No. 73117-3-I, slip op. at 5-7.
[23] See Van Camp, 82 Wn. App. at 342 (quoting Knight, 75 Wn. App. at 730).

reply in support of her motion in this Court, is reasonable and should be awarded in full.

Klavano's claim fails.

*C. Reasonableness of the Award*

Last, Klavano makes a number of challenges to the amount of the award. We reject them all.

First, Klavano asserts that the award is unreasonable because no case law supports an award of all attorney fees and expenses incurred by a spouse. But Klavano cites no authority stating that a court abuses its discretion when it awards a spouse all of her attorney fees under RCW 26.09.140. When a party cites no authority supporting a proposition, this court may assume that counsel, after diligent search, has found none.[24] We decline to further consider the issue.

Second, he contends the award is unreasonable based on the three factors a court should consider when calculating fees: (1) the factual and legal questions involved, (2) the preparation and presentation time, and (3) the amount and character of the property. Klavano asserts that the factual and legal questions involved on appeal were not complex because a number of Templin's arguments failed on appeal. But Klavano does not challenge any of the trial court's findings relating to this issue in the body of his brief to this court. Klavano also takes issue with the trial court's statement that the size of the record contributes to the reasonableness of the award. He maintains that this

---

[24] DeHeer v. Seattle Post-Intelligencer, 60 Wn.2d 122, 126, 372 P.2d 193 (1962).

consideration is meaningless unless the court relates it to one of the three factors. Again, those factors are discretionary. And a longer trial means the case involves a certain level of complexity.

Klavano also asserts that the amount and character of the property involved do not support a $75,000 attorney fees award. He claims that the "size of the marital estate" and the "amount at stake" were significant only because of Klavano's separate property. But Klavano's separate property is part of the marital estate that a court considers in dissolution proceedings. In addition, he contends that the trial court did not make an independent assessment of how much time Templin's appellate attorneys reasonably spent on her case and did not address each of his objections in its order. But the trial court independently addressed the reasonableness of Templin's appellate counsel's fees request when it articulated its reasons for its award in the above quoted finding discussing the "size of the marital estate, the significance of the amount at stake . . . , and the size of the record." And the court stated that it considered Klavano's response, "including his challenge to certain time entries, and finds that all of the fees incurred were related to the appeal and compensable; there was no duplicative effort between the three attorneys involved; there was no excessive time . . . ; and the paralegal time was legal in nature." The trial court thus conducted an adequate independent review.

Klavano also claims that even though a court determines reasonable attorney fees on an equitable basis in dissolution actions and does not use the

lodestar method, a court must still discount the time spent for unsuccessful claims, duplicative effort, and unproductive time. But, as noted above, the court found that if it had applied the lodestar method, there was no duplicative effort or excessive time.

Finally, he contends that the trial court abused its discretion by awarding Templin $900 in attorney fees for her motion for reconsideration of the trial court's May 17 order awarding her appellate attorney fees. In the May 17 order, the trial court noted that Klavano had paid $64,000 toward the $65,000 it had awarded Templin to pursue her appeal. It gave Klavano credit toward the $75,200 it awarded in appellate attorney fees. Templin asked for reconsideration, stating that Klavano had not actually contributed to her appellate attorney fees. The trial court granted this motion, rescinding the credit and awarding Templin $900 for her motion for reconsideration as part of her appellate attorney fees award because Klavano's counsel necessitated the motion.

Klavano contends that the court erred in doing so because his trial counsel acknowledged in a May 2 e-mail to the court that Klavano had not paid any of Templin's appellate attorney fees. Although Klavano's trial counsel did e-mail the court stating that Klavano had "not paid anything towards Ms. Templin's appellate attorney fees to date," he also stated that she received more than $64,000 of the $65,000 the court previously awarded her for the appeal from Klavano's "payment of the judgment awarded to [her] in the Decree of Dissolution." The judgement awarded to Templin in the dissolution decree is not

an attorney fees award. And no evidence in the record shows that Klavano asked the court to correct its May 17 order crediting him $64,000. The trial court did not abuse its discretion by awarding Templin this $900.

Klavano does not show that the trial court abused its discretion by awarding $75,200 for appellate attorney fees.

### Attorney Fees for this Appeal

Templin requests attorney fees on appeal, citing RCW 26.09.140 and RAP 18.1. RAP 18.1 allows a reviewing court to award a party reasonable attorney fees if applicable law grants a party the right to recover them. RCW 26.09.140 requires that this court consider the parties' relative ability to pay when determining whether an attorney fees award is appropriate.[25] This court should also examine the merit of the issues raised on appeal.[26] Here, Klavano has the ability to pay, and Templin has need. Klavano did not present any meritorious legal arguments on appeal. Based on the disparity in income and assets between them and Klavano's ability to pay, we award reasonable costs and fees for this appeal to Templin, subject to her compliance with RAP 18.1(d).

### CONCLUSION

We affirm. The trial court properly considered Templin's need for Klavano to pay her trial attorney fees and Klavano's ability to pay them. And the court did

---

[25] In re Marriage of Leslie, 90 Wn. App. 796, 807, 954 P.2d 330 (1998).
[26] Leslie, 90 Wn. App. at 807.

-18-

not abuse its discretion in awarding trial and appellate attorney fees.

_Leach, J._

WE CONCUR:

_Dwyer, J._　　　　　　　　_Schindler, J._