IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of: | ) | No. 40226-6-III |
| | ) | |
| RAMIRO ALVAREZ, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | UNPUBLISHED OPINION |
| and | ) | |
| | ) | |
| JANET ALVAREZ, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Janet Alvarez appeals a court commissioner's order

holding her in contempt for not paying unspecified bills and requiring her to pay

contempt fees and costs. We reverse.

FACTS

In January 2023, a court commissioner signed a temporary family law order

(TFLO) for Janet Alvarez and Ramiro Alvarez. The court denied temporary spousal

support, but gave Janet[1] the children's Social Security benefits in lieu of child support.

The court allowed Janet to remain in the family home, allowed Ramiro to use his 2016

Chevrolet Silverado, and allowed Janet to use her 2018 Honda Accord. Janet was

ordered to pay the mortgage, utilities, homeowner's insurance, property taxes, and

_____

[1] When parties share the same surname, we often refer to them by their first
names. No disrespect is intended.

vehicle expenses for the Honda. Ramiro was ordered to pay the vehicle expenses for the Chevrolet. The parties were responsible for the debts on their respective credit cards, with Ramiro also responsible for a debt to Les Schwab for tires and a $5,000 debt to his friend on Janet's card.

In June 2023, Ramiro filed a motion requesting the court hold Janet in contempt for failing to pay various expenses as ordered in the TFLO. In his motion, Ramiro suggested that if Janet was having difficulty paying her bills, that he should be given possession of the marital home. Janet responded that Ramiro never provided her the children's Social Security benefits, was setting her up for failure, had failed to provide her with information necessary to transfer one or more accounts into her name, and denied she was in violation of the TFLO.

After a hearing, a court commissioner held Janet in contempt. The sole finding in support of contempt read: "Failure to pay bills as ordered in January 2023 TFLO." Clerks Papers (CP) at 42. In addition, the commissioner entered a $1,300 money judgment against Janet to compensate Ramiro for his lawyer fees and costs for bringing his contempt motion.

Janet moved for revision, and the trial court remanded for the court commissioner to consider "whether contempt is an available remedy for a failure to pay bills." CP at

2

45. On remand, the commissioner found "there is reason to approve [the contempt] order." CP at 47. Based on this finding, the commissioner affirmed its prior order. Janet appeals to this court.

ANALYSIS

Janet argues the commissioner abused its discretion by committing legal error and asserts a number of arguments why the commissioner erred. We agree with her argument that the commissioner erred by failing to enter sufficient findings to support the contempt order.[2]

*Standard of review*

Any intentional disobedience of a lawful court order is contempt of court. *Gronquist v. Dep't of Corr.*, 196 Wn.2d 564, 569, 475 P.3d 497 (2020) (citing RCW 7.21.010(1)(b)). "'Whether contempt is warranted in a particular case is a matter of sound discretion of the trial court; unless that discretion is abused, it should not be disturbed on appeal.'" *Moreman v. Butcher*, 126 Wn.2d 36, 40, 891 P.2d 725 (1995)

---

[2] We decline to address other reasons why the contempt order might be erroneous. Ramiro did not participate in this appeal by providing us counter briefing. Also, it is possible we have not been provided the full record. Prudence counsels us to resolve this case on a narrow basis. We additionally question whether this appeal is the proper subject of direct appeal. *See* RAP 2.2(a) (listing examples of what types of decisions may be appealed as a matter of right).

(quoting *In re Pers. Restraint of King*, 110 Wn.2d 793, 798, 756 P.2d 1303 (1988)).  A

court abuses its discretion if its decision was manifestly unreasonable, based on untenable

grounds, or based on untenable reasons.  *Id.*

> A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard; it is based on untenable grounds if the factual findings are unsupported by the record; it is based on untenable reasons if it is based on an incorrect standard or the facts do not meet the requirements of the correct standard.

*In re Marriage of Littlefield*, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997).

*Required findings*

A trial court must make findings of fact that set forth the basis for its judgment of

contempt.  *In re Marriage of James*, 79 Wn. App. 436, 440, 903 P.2d 470 (1995).  These

findings must cover "all the ultimate facts and material issues."  *In re Marriage of Lutz*,

74 Wn. App. 356, 370, 873 P.2d 566 (1994).  This includes a required finding "that a

violation of a previous court order was intentional."  *Holiday v. City of Moses Lake*, 157

Wn. App. 347, 355, 236 P.3d 981 (2010).  The moving party has the burden of proving

contempt by a preponderance of the evidence.  *James*, 79 Wn. App. at 442.

The contempt order contains no findings related to what bills Janet failed to pay

and whether nonpayment of any particular bill was intentional.  Although such a finding

might be implied, the burden is on Ramiro to prove intentional noncompliance.  The

4

findings of fact in support of the contempt order are woefully inadequate. We reverse and direct the trial court to vacate the contempt order and the attorney fee and cost judgment accompanying the order.

*Attorney fees and costs*

Janet requests an award of reasonable attorney fees and costs. In support of her request, she cites RCW 26.09.140. That statute permits a court to consider the relative financial circumstances of both parties and award reasonable attorney fees and costs to defend or maintain any domestic relations proceeding. Nevertheless, RAP 18.1(c) requires the party requesting fees to timely file an affidavit of need if a statute permits fees and costs after considering the financial circumstances of one or both parties. Here, Janet failed to comply with RAP 18.1(c), so we deny her request for attorney fees.

Janet presents a second basis for her request—Ramiro was intransigent in not providing her necessary information so she could comply with the TFLO. A court may consider "the extent to which one spouse's intransigence caused the spouse seeking the award to require legal services." *In re Marriage of Buchanan*, 150 Wn. App. 730, 739, 207 P.3d 478 (2009). Here, we are unable to determine if Ramiro was intransigent. Both parties pointed fingers at each other as they jousted over various bills. The court commissioner impliedly found that Ramiro was not at fault, or minimally at fault,

because it placed the blame on Janet rather than Ramiro. We therefore deny her request

for attorney fees on this basis.

Statutory costs are awardable to Janet, subject to her compliance with

RAP 14.4(a).

Reverse with directions to vacate the contempt order and accompanying judgment.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, C.J.

WE CONCUR:

_____        _____
Staab, J.                                                     Cooney, J.

6